UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALCOLM LEIGH and LORAINE LEIGH,<br><br> Plaintiff,<br><br> v.<br><br>CAMP ZEST, INC., d/b/a MAKANDA INN<br>& COTTAGES and GREGORY WELLMAN,<br>Individually,<br><br> Defendant. | Case No. 3:22-cv-1875-JPG |

**MEMORANDUM AND ORDER**

**I. Background**

This matter comes before the Court on Defendants Camp Zest, Inc. ("Camp Zest") and Gregory Wellman ("Wellman, collectively "Defendants") Motion to Transfer Venue. (Doc. 16). Plaintiffs Malcolm ("Malcolm") and Loraine Leigh ("Loraine," collectively "Plaintiffs").

Defendants request that this Court in the Southern District of Illinois ("Southern District") transfer this case to the U.S. District Court for the Northern District of Illinois, Eastern Division ("Northern District") pursuant to 28 U.S.C. § 1404(a), because the Northern District is the proper district in which this case could and should have been brought.

This case is an issue with a contract dispute, which was negotiated via telephone and email, between Camp Zest and Plaintiff Malcolm. (Doc. 16 at 2). This Agreement was entered into on or about August 17, 2017. Camp Zest engaged Malcolm as an independent contractor to provide third-party management services for a bed and breakfast inn and cabin rental property, commonly known as Makanda Inn, located in Makanda, Illinois. Pursuant to the Agreement, Malcolm was permitted to employ Loraine. Plaintiffs filed a Complaint alleging that Defendants

failed to pay them minimum wage, time and a half for hours worked in excess of forty hours per week, and agreed upon compensation. (Doc. 1). Therefore, Plaintiffs assert violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and breach of contract under Illinois common law. (Doc. 1).

At or around the time Malcolm negotiated and executed the Agreement, Malcolm was a resident of West Creek, New Jersey. Ex. 1, p. 4. Currently, Malcolm and Loraine are residents of Macwahoc Plantation, Maine (Doc. 1. No. 1, ¶¶ 6-7). At or around the time Camp Zest negotiated and executed the Agreement, Camp Zest's principal place of business was in Elk Grove Village, Cook County, Illinois, and as such, Camp Zest was a resident of Elk Grove Village, Cook County, Illinois, which is in the Northern District. Camp Zest currently operates the Makanda Inn, located in Makanda, Illinois. Therefore, Camp Zest is also a resident of Makanda, Jackson County, Illinois, which is located in the Southern District.

At the time of the execution of the Agreement, Wellman was a resident of Elk Grove Village, which is located in Cook County, Illinois, which is in the Northern District.

**II.   Analysis**

Pursuant to the Local Rules for the U.S. District Court Southern District of Illinois ("Local Rules"), the response time for *all* motions *other* than motions to remand, to dismiss, for judgment on the pleadings, for summary judgment, to suppress, and all post-trial motions, shall have 14 days after service of a motion to file a written response. Local Rule 7.1(g). Defendants filed their motion on October 10, 2022. Plaintiff's response was due October 24, 2022. There is currently no opposition on file from date of this order. Therefore, with no response on file during the prescribed time by the Local Rules, the Court considers Plaintiff's failure to respond as "an admission of the merits of the motion." Local Rule 7.1(g).

Section 1404(a) "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Transfer is proper under Section 1404(a), if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Id*. at 977-978.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When deciding whether to transfer a case under § 1404(a), a district court therefore "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013).

"District courts have broad discretion to grant or deny [a § 1404(a)] motion*.*" *South Capital Bridgebuilders v. Lexington Insurance*, 2021 WL 1426888, *2 (N.D. Ill. 2021). "In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court." *Id*. Factors relevant to the parties' private interests include "factors such as (1) the plaintiff's initial choice of forum; (2) the relative ease of access to sources of proof; (3) access to witness and witness attendance at proceedings in light of the availability of compulsory process and the costs of obtaining the attendance of witnesses; (4) the situs of material events; and (5) the convenience of the parties." *Id*. (internal quotations and citations omitted).

In determining whether the transfer would be in the "interest of justice," a court may consider several factors, including "docket congestion and likely speed to trial in the transferor and potential transferee forums," "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). When considering whether to transfer a case, a court must engage in a " 'flexible and individualized analysis' " and "look beyond a narrow or rigid set of considerations in their determinations." *Id*.

First, the Court finds that venue is proper both in the Southern and Northern Districts. Camp Zest "concedes that it is subject to personal jurisdiction in this District where it operates the Makanda Inn." (Doc. 16 at 5). Venue is also proper in the Northern District because Wellman is a resident of Cook County, Illinois, and Camp Zest is a resident of Cook County, Illinois. Because Cook County, Illinois is within the Northern District, Defendants are subject to the personal jurisdiction in the Northern District. Therefore, venue is proper in the Northern District.

Additionally, both the public and private interests favor sending this case to the Northern District. Although the property of the Makanda Inn is located in the Southern District, the negotiation of this Agreement took place while Gregory was a resident of the Northern District and Camp Zest was a resident of both Northern and Southern Districts. Additionally, the Northern District will be a convenient forum for the parties. Plaintiffs are residents of Maine and may have more convenient travel options traveling to the Northern District. As Defendants note, the Northern District is located near two busy international airports – Chicago O'Hare International Airport and Chicago Midway International Airport, making Plaintiffs' travel for depositions, hearings or trial convenient. Additionally, Defendants reside in the Northern

4

District, and as such, the Northern District is more convenient for Defendants. Therefore, this factor weighs in favor of transfer to the Northern District.

The public interest favors also weigh in favor of transferring this case. According to the statistics cited by the Defendants, the Southern District, per judge, had many more filed cases. *See* Doc. 16 at 9 (for 12-month period ending June 30, 2022, 611 civil cases were filed per judge in the Southern District whereas 332 cases were filed per judge in the Northern District). Both the Southern and Northern Districts are familiar with relevant case law.

Additionally, Defendants desire to resolve this controversy in the Northern District. The Court considers the Plaintiffs lack of opposition to this motion as their admission to this fact as well. The property itself, the Makanda Inn, is not at issue in this case. It is the relationship and conduct of Defendants at issue, which can be properly litigated in the Northern District.

Therefore, the Court finds that the above-enumerated public and private interest factors weigh in transferring this case to the Northern District of Illinois, Eastern Division.

### III.  Conclusion

Accordingly, the Court:

- **GRANTS** Defendants Motion to Change Venue (Doc. 16);
- **ORDERS** that this case be **TRANSFERRED** to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**
**Dated: November 2, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**